**United States District Court**
For the Northern District of California

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4

5    JOANNE CONWRIGHT,

6                          Plaintiff,          NO. C09-2572 TEH

7             v.                               ORDER GRANTING
                                               DEFENDANT CITY OF
8    CITY OF OAKLAND, et al.,                  OAKLAND'S MOTION TO
                                               DISMISS
9                          Defendants.

10

11         This matter comes before the Court on Defendant City of Oakland's motion to dismiss

12   seven causes of action from the amended complaint.  After carefully reviewing the parties'

13   written arguments, the Court concludes that oral argument is unnecessary and VACATES the

14   hearing scheduled for September 13, 2010.  The Court now GRANTS the City's motion for

15   the reasons discussed below.

16

17   **BACKGROUND**

18         Plaintiff Joanne Conwright, an African-American female "over the age of 50," alleges

19   that she was unlawfully "forced into retirement" after nearly nineteen years of employment

20   by Defendant City of Oakland, most recently as the administrative services manager for the

21   business services division of the City's Community and Economic Development Agency

22   ("CEDA"). First Am. Compl. ("FAC") ¶ 6.  She alleges that she was harassed by Defendant

23   Jeffery Robinson, a temporary employee hired for three months in January 2008.  Robinson's

24   behavior allegedly included:

25             following [Conwright] around in the office, appearing in her
              office unannounced and uninvited with no reason or justification,
26            interrupting her during staff meetings, coming to her office three
              to four times a day, winking, and leering at Ms. Conwright,
27            persistently asking Ms. Conwright if she had work for him to do,

28

**United States District Court**
For the Northern District of California

1
2

> constantly saying "hello" two to three times a day, making
> Ms. Conwright uncomfortable, questioning Ms. Conwright about
> her whereabouts, and schedule.

3  *Id.* ¶ 7.

4      Conwright complained about Robinson's behavior to Sandra Smith, Robinson's

5  supervisor, on March 10, 2008.  One week later, she reported the behavior to Defendant

6  Cheryl Hall Tongue, CEDA's human resources manager.  The following day, she discussed

7  the alleged harassment with Smith and Robinson, and she subsequently reported the

8  harassment to Assistant City Administrator Cheryl Thompson.

9      Notwithstanding Conwright's complaints, Robinson's employment was extended by

10  one month on March 28, 2008, and he was assigned to work in the same building as

11  Conwright.  As a result:

12
13
14
15
16

> Ms. Conwright was overwhelmed with fear and emotional
> distress and reported to defendants Ray Derania [deputy director
> of building services for CEDA] and Antoinette Renwick
> [inspection services manager for CEDA] [that] she feared
> Robinson and felt he would do anything to keep his employment.
> Ms. Conwright reported to Derania and Renwick that Robinson's
> continued presence in the same building inhibited her egress and
> entry into her office and her use of the elevator and other
> common areas.

17  *Id.* ¶ 9.  Following her reports, Conwright was sent home.  Later that evening, she became

18  physically ill.

19      On April 1, 2008, Derania demoted Conwright "by overriding personnel decisions

20  [and] reassigning her responsibilities."  *Id.* ¶ 9.1.[1]  Conwright filed a workers' compensation

21  claim the following day and also "continued under doctor's care."  *Id.*

22      Conwright contends that Derania and Renwick continued "a series [of] harassment"

23  against her for the next year, until she "was forced to resign on March 31, 2009."  *Id.* ¶ 10.

24  For instance, Defendants continued to demote Conwright by assigning her duties to Renwick

25  and Smith, who were allegedly lesser qualified, and instructing Conwright "not to inquire

26  about any of her duties being handled by others."  *Id.*

27

28  _____

[1]The FAC contains two paragraph number 9's. This citation refers to the second of those two paragraphs.

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9

> Derania then ostracized Ms. Conwright and her work product began to disappear, and Derania made unprofessional and false accusations about Ms. Conwright['s] work performance. Ms. Conwright was excluded [from] budget meetings, the Building Services Master Fee Schedule was deleted from the shared drive[,] and Derania falsely claimed Ms. Conwright incorrectly input information.  Ms. Conwright was forced to do the same work again[,] and again her work was deleted.  Derania falsely accused [Ms.] Conwright of creating a hostile work environment.  Derania engaged in and encouraged other staff to engage in harassing Ms. Conwright including claiming "they" were regaining control [of] administrative procedures and that Ms.  Conwright had too much authority.  He then instigated rumors that Ms. Conwright was seeking to retaliate when in fact he was engaging in acts of retaliation against Ms. Conwright for reporting sexual harassment and filing a worker's compensation claim.

10   *Id.*

11   Conwright filed this case on her own behalf on June 10, 2009.  She subsequently

12   obtained counsel and filed an amended complaint on January 25, 2010.  The City's motion to

13   dismiss the following seven causes of action from the amended complaint is now before the

14   Court: age discrimination; disability discrimination; violation of California Labor Code

15   section 1102.5; violation of public policy; violation of Article I, section 8 of the California

16   Constitution; constructive termination in violation of public policy; and defamation.[2]  The

17   City does not seek dismissal of Conwright's sexual harassment, hostile work environment, or

18   retaliation causes of action.

19

20   **LEGAL STANDARD**

21   Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a

22   plaintiff's allegations fail "to state a claim upon which relief can be granted."  In ruling on a

23   motion to dismiss, courts may consider only "the complaint, materials incorporated into the

24   complaint by reference, and matters of which the court may take judicial notice."  *Metzler*

25   *Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).  Courts must

26
27
28
     [2]The ninth cause of action is entitled "violation of public policy," while the eleventh is entitled "constructive termination of public policy."  Both appear to be based on the same allegations: that the City "demoted, ostracized, and constructively discharged Plaintiff, forcing her to retire," and that these "adverse actions against Plaintiff [were] in violation of Public Policy."  FAC ¶¶ 44, 50.

3

United States District Court

For the Northern District of California

1  generally "accept all material allegations of fact as true and construe the complaint in a light

2  most favorable to the non-moving party," *Vasquez v. Los Angeles County*, 487 F.3d 1246,

3  1249 (9th Cir. 2007), but "are not bound to accept as true a legal conclusion couched as a

4  factual allegation," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (citation omitted).

5        A Rule 12(b)(6) dismissal "can be based on the lack of a cognizable legal theory or

6  the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica*

7  *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a motion to dismiss, a plaintiff

8  must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*

9  *Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This "requires more than labels and

10  conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

11  at 550.  Plausibility does not equate to probability, but it requires "more than a sheer

12  possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949.  "A claim has

13  facial plausibility when the plaintiff pleads factual content that allows the court to draw the

14  reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Dismissal

15  of claims that fail to meet this standard should be with leave to amend unless it is clear that

16  amendment could not possibly cure the complaint's deficiencies. *Steckman v. Hart Brewing,*

17  *Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998).

18

19  **DISCUSSION**

20  **I.**    **Age Discrimination**

21        The City first moves to dismiss Conwright's fifth cause of action for age

22  discrimination.  The FAC alleges that "at the time of [the] acts alleged herein [Conwright]

23  was over the age of 50."  FAC ¶ 6.  It further alleges, in the most conclusory fashion, that

24  Conwright "was subject to adverse employment action because of her age," *id.* ¶ 28; "was

25  forced to retire because of her age," *id.* ¶ 29; and "suffered discrimination from Defendant

26  because of her age," *id.* ¶ 30.  These allegations are insufficient to state a plausible claim of

27  age discrimination, and the Court therefore GRANTS the City's motion to dismiss this cause

28  of action.  Dismissal is with leave to amend because it is not clear that Conwright cannot

United States District Court

For the Northern District of California

1  allege facts sufficient to state a claim.  If she chooses to amend this cause of action and allege

2  the specific facts on which she relies, Conwright shall also identify the statutes under which

3  she claims unlawful age discrimination.

4

5  **II.     Disability Discrimination**

6       The City next moves to dismiss Conwright's seventh cause of action for disability

7  discrimination.  Conwright does not dispute that exhaustion of administrative remedies is

8  required under Title I of the Americans with Disabilities Act ("ADA") or under California's

9  Fair Employment and Housing Act ("FEHA"), but she does contend that she need not

10  exhaust administrative remedies under Title II of the ADA.  However, the case relied on by

11  Conwright to support this position – *Petersen v. University of Wisconsin Board of Regents*,

12  818 F. Supp. 1276 (W.D. Wis. 1993) –  was explicitly rejected by the United States Court of

13  Appeals for the Ninth Circuit, which concluded that "Title II does not apply to employment."

14  *Zimmerman v. Or. Dep't of Justice*, 170 F.3d 1169, 1183 n.13 & 1184. (9th Cir. 1999).[3]

15  Accordingly, although the complaint is unclear as to whether Conwright's disability

16  discrimination cause of action relies on state or federal law, Conwright was required to

17  exhaust administrative remedies in either case.

18       "The scope of the written administrative charge defines the permissible scope of the

19  subsequent civil action.  Allegations in the civil complaint that fall outside of the scope of the

20  administrative charge are barred for failure to exhaust."  *Rodriguez v. Airborne Express*, 265

21  F.3d 890, 897 (9th Cir. 2001) (citation omitted).  The relevant question is whether "the

22  allegations in the civil suit are within the scope of the administrative investigation which can

23  reasonably be expected to grow out of the charge of discrimination."  *Id.* (internal quotations

24  and citation omitted).

25  _____

26       [3]The Ninth Circuit has subsequently narrowed *Zimmerman* to cases where, as here, the
employee alleges discrimination based on his or her own disability.  In *Barker v. Riverside*
27  *County Office of Education*, 584 F.3d 821, 828 (9th Cir. 2009), the Ninth Circuit
distinguished *Zimmerman* and held that an employee who alleged discrimination based on
28  advocating for disabled students receiving allegedly inadequate services under Title II could
state a claim for employment discrimination under Title II.

**United States District Court**

For the Northern District of California

1    In this case, Conwright filed complaints of discrimination with the California

2   Department of Fair Employment and Housing ("DFEH") against the City, Robinson, and

3   Hall Tongue on July 9, 2008.  Exs. 1-3 to Def.'s Req. for Judicial Notice.[4]  These complaint

4   forms instruct the complainant to "check appropriate box[es]" for the "cause of

5   discrimination."  *Id.*  Conwright checked the boxes for sex, age, and retaliation but not for

6   disability.  *Id.*  The narrative on each complaint is identical and states the following:

7   I.   During the course of my employment as an Administrative
        Services Manager, I was harassed by Temporary Agency
8        Employee, Jeffrey B. Robinson.  The Harassment occurred
         during the period January 1, 2008 to March 26, 2008.  I
9        was suspended from work on April 8, 2008.

10  II.  Cheryl Hall Tongue, Human Resources Manager
         instructed me to go home on March 26, 2008.
11

12  III. I believe that I was harassed, which is discrimination on
         the basis of sex, female and age (62), and also I believe
13       that I was suspended from work in retaliation for
         complaining about the discrimination for the following
14       reasons:

15       A.   During the period of January 1, 2008 to April 8,
              2008, I was harassed by Temporary Agency
16            Jeffrey B. Robinson.  The harassment was of
              verbal/visual nature (details on files with DFEH)
17            and occurred daily.  The harassment created a
              hostile work environment.

18
         B.   All my authority as an Administrative Services
19            Manager was removed from me and Antoinette
              Renwick Inspection Manager stated they were
20            placating me, because they wanted to replace me
              with Manager Assistant Sandra Smith.
21
         C.   I was sent home by Human Resources Manager
22            Cherry Hall-Tongue [sic] on March 26/28, 2008,
              and by Risk Manager Debbie Grant on April 8,
23            2008.

24       D.   On June 16, 2008, I was suspended effective
              June 23, 2008 to June 27, 2008, in retaliation for
25            complaining about discrimination.

26  *Id.*  The DFEH complaints were forwarded to the United States Equal Employment

27  Opportunity Commission ("EEOC"), which issued a notice of charge of discrimination under

28  _____
    [4]The City's unopposed request for judicial notice is GRANTED in its entirety.

6

United States District Court
For the Northern District of California

1   Title VII, but not under the ADA or the Age Discrimination in Employment Act, based on

2   sex, age, and retaliation on July 23, 2008.  Ex. 4 to Def.'s Req. for Judicial Notice.

3          Conwright contends that an investigation into her DFEH complaints would have

4   included her disability claims because the discrimination alleged in the complaints gave rise

5   to a workers' compensation claim based on "stress disability."  Opp'n at 10.  However, as the

6   City correctly observes, the definition of "disability" for workers' compensation purposes is

7   not co-extensive with the definition under anti-discrimination statutes.  *See City of Moorpark*

8   *v. Super. Ct.*, 18 Cal. 4th 1143, 1158 (1998).  Moreover, even if a reasonable investigation

9   might have revealed that Conwright had filed a workers' compensation claim, Conwright's

10  administrative complaints do not contend that she was discriminated against on the basis of

11  filing such a claim.  The Ninth Circuit has concluded that, even when construed liberally,

12  allegations of race discrimination "would not reasonably trigger an investigation into

13  discrimination on the ground of disability.  The two claims involve totally different kinds of

14  allegedly improper conduct, and investigation into one claim would not likely lead to

15  investigation of the other." *Rodriguez*, 265 F.3d at 897.  The same reasoning holds true for

16  Conwright's claims based on age and sex discrimination, and retaliation for complaining

17  about age and sex discrimination:  "It would not be proper to expand the claim . . . when the

18  difference between the charge and the complaint is a matter of adding an entirely new basis

19  for the alleged discrimination."  *Id.* (internal quotations and citation omitted).  Accordingly,

20  this Court concludes that Conwright has failed to exhaust her administrative remedies as to a

21  disability discrimination claim, and the City's motion to dismiss this claim is GRANTED

22  without leave to amend.

23

24  **III.    Claims Eight Through Twelve**

25         The City next moves to dismiss claims eight through twelve from the FAC because

26  these causes of action seek money damages from the City and the complaint fails to allege

27  that a claim was presented to the City.  Under California law, a plaintiff may not bring a suit

28  seeking money or damages from a public entity until he or she has presented a written claim

7

United States District Court

For the Northern District of California

1   to the entity and has had that claim acted upon or deemed rejected.  Cal. Gov't Code § 945.4.

2   In cases of personal injury, such claims must be presented "not later than six months after the

3   accrual of the cause of action."  Cal. Gov't Code § 911.2.  A "plaintiff must allege facts

4   demonstrating or excusing compliance with the claim presentation requirement.  Otherwise,

5   his complaint is subject to [dismissal] for failure to state facts sufficient to constitute a cause

6   of action."  *California v. Super. Ct.*, 32 Cal. 4th 1234, 1243 (2004).

7        Conwright argues that she was not required to submit a government claim under

8   FEHA, but the City has not moved to dismiss Conwright's FEHA claims on this basis.

9   Instead, the City contends only that Conwright was required to file a claim for money

10   damages before filing suit for violation of California Labor Code section 1102.5, violation of

11   public policy, violation of the California Constitution, constructive termination in violation

12   of public policy, and defamation.

13       Conwright also asserts that "the complaint can be amended to clearly state a Notice

14   was served" and that "Defendant waived notice by their actions and are estopped from

15   relying on the [claim presentation requirements]."  Opp'n at 10.  She thus concedes that the

16   complaint fails to "allege facts demonstrating or excusing compliance with the claim

17   presentation requirement," and the Court therefore GRANTS the City's motion to dismiss

18   claims eight through twelve.  *California v. Super. Ct.*, 32 Cal. 4th at 1243.  Although the

19   opposition is vague as to what she would allege if given leave to amend, it is not clear that

20   Conwright could not amend her complaint to allege either that she adequately presented a

21   written claim for damages or that she should be excused from doing so.  Consequently, leave

22   to amend is granted.

23       The Court now addresses the City's remaining arguments to determine whether any of

24   claims eight through twelve should be dismissed with prejudice on other grounds, or whether

25   any of the City's arguments suggest shortcomings that should be addressed by amendment.

26   **A.    Claims Based on Public Policy**

27       Conwright's ninth and eleventh causes of action allege liability by the City for

28   violation of public policy.  Wrongful termination in violation of public policy is a common

8

United States District Court

For the Northern District of California

1   law cause of action judicially created by *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167

2   (1980), in which the California Supreme Court stated that, "when an employer's discharge of

3   an employee violates fundamental principles of public policy, the discharged employee may

4   maintain a tort action and recover damages traditionally available in such actions." *Id.* at

5   170.  California Government Code section 815 "abolishes common law tort liability for

6   public entities" and therefore "bars *Tameny* actions against public entities." *Miklosy v.*

7   *Regents of the Univ. of Cal.*, 44 Cal. 4th 876, 899-900 (2008).  Although Conwright attempts

8   to distinguish *Miklosy* by asserting that the claims in that case were not based on FEHA

9   violations, she presents no authority or argument, and this Court can find none, for excluding

10  FEHA-based claims from *Miklosy*'s bar on public policy claims against public entities.

11  Consequently, the City's motion to dismiss the ninth and eleventh causes of action is

12  GRANTED without leave to amend.

13          In its reply papers, the City also moved to dismiss Conwright's fourth cause of action

14  as improperly based on allegations of a public policy violation.  The Court will not consider a

15  motion brought only on reply, but Conwright is advised to consider, when amending her

16  complaint, whether it would be proper to modify her fourth cause of action in light of the

17  Court's rulings in this order.

18          **B.      Violation of Article I, Section 8 of the California Constitution**

19          The City cites *Lloyd v. County of Los Angeles*, 172, Cal. App. 4th 320 (2009), for the

20  proposition that Conwright's tenth cause of action for violation of Article I, section 8 of the

21  California Constitution must be dismissed.  However, *Lloyd* involved a claim based on

22  retaliation in violation of the public policy contained in the state constitution, *id.* at 328-29 &

23  n.3, whereas Conwright appears to be alleging a violation of the constitutional provision

24  itself.  Accordingly, dismissal based on *Lloyd* would be improper.

25          **C.      Defamation**

26          Finally, "defamation involves (a) a publication that is (b) false, (c) defamatory, and

27  (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage."

28  *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007) (internal quotations and citation omitted).  The

9

United States District Court

For the Northern District of California

1  City contends that dismissal of Conwright's defamation claim is proper because the common

2  interest privilege – which applies to a communication between persons with common

3  interests if made "without malice," Cal. Civ. Code § 47(c) – applies to communications

4  between employees. *See, e.g., King v. United Parcel Serv., Inc.*, 152 Cal. App. 4th 426, 440

5  (2007) (privilege applies to "an employer's statements to employees regarding the reasons

6  for termination of another employee"); *Kelly v. Gen. Tel. Co.*, 136 Cal. App. 3d 278, 285

7  (privilege applies to "[c]ommunication among a company's employees that is designed to

8  insure honest and accurate records").  The City further contends that dismissal should be

9  granted because a one-year statute of limitations applies to defamation claims, Cal. Civ. Proc.

10  Code § 340(c), and the complaint is vague as to the time when the allegedly defamatory

11  statements were made.

12  Conwright does not dispute the one-year statute of limitations or that the allegedly

13  defamatory statements were made between persons who shared a common interest.

14  Conwright argues only that her defamation claims should be dismissed because she has

15  sufficiently alleged malice, thus bringing the statements outside the protections of section

16  47(c).  However, a "general allegation of malice will not suffice" to defeat this privilege; a

17  "plaintiff must specifically allege malice" with "detailed facts showing defendant's ill will

18  toward him." *Robomatic, Inc. v. Vetco Offshore*, 225 Cal. App. 3d 270, 276 (1990) (citations

19  omitted) (affirming grant of judgment on the pleadings).  Conwright points to no allegations

20  in the complaint that specifically allege malice, nor does she assert that the complaint sets

21  forth the dates when the statements were allegedly made.  It is not clear that these

22  deficiencies cannot be cured by amendment, and Conwright is directed to correct these

23  deficiencies if she wishes to continue to pursue a defamation claim in her amended

24  complaint.

25

26  **CONCLUSION**

27  As discussed above, Defendant City of Oakland's motion to dismiss the fifth and

28  seventh through twelfth causes of action is GRANTED.  The seventh cause of action for

United States District Court

For the Northern District of California

1  disability discrimination, the ninth cause of action for violation of public policy, and the

2  eleventh cause of action for constructive termination in violation of public policy are

3  dismissed with prejudice.  Leave to amend is granted on all other causes of action.

4  Conwright shall file an amended complaint on or before **October 8, 2010.**  Failure to file a

5  timely amended complaint shall result in dismissal with prejudice of the fifth, eighth, tenth,

6  and twelfth causes of action from Conwright's first amended complaint against the City.

7

8  **IT IS SO ORDERED.**

9

10  Dated:   09/08/10

11  THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11