IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOANNE CONWRIGHT,

               Plaintiff,

v.

CITY OF OAKLAND, et al.,

               Defendants.

NO. C09-2572 TEH

ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANT CITY OF
OAKLAND'S MOTION TO
STRIKE

       This matter comes before the Court on Defendant City of Oakland's motion to strike portions of the third amended complaint ("TAC"). After carefully reviewing the parties' written arguments, the Court concludes that oral argument is unnecessary and VACATES the hearing scheduled for March 14, 2011.[1] The Court now GRANTS IN PART and DENIES IN PART the City's motion for the reasons discussed below.

## BACKGROUND

       Plaintiff Joanne Conwright, an African-American female "over the age of 61," alleges that she was unlawfully "forced into early retirement" after nearly nineteen years of employment by Defendant City of Oakland, most recently as the administrative services manager for the business services division of the City's Community and Economic Development Agency ("CEDA"). TAC ¶ 7. Her factual allegations, which remain essentially unchanged from her first amended complaint, were summarized by the Court in its September 8, 2010 order granting the City's motion to dismiss and will not be repeated here.

---

[1] The show cause hearing for Plaintiff's counsel and the case management conference remain on calendar for March 14, 2011, at 10:00 AM.

1    Conwright filed this case on her own behalf on June 10, 2009.  She subsequently
2 obtained counsel and filed an amended complaint on January 25, 2010.  Upon the City's
3 motion to dismiss, this Court dismissed Conwright's claims for disability discrimination,
4 violation of public policy, and constructive termination in violation of public policy with
5 prejudice.  The Court dismissed Conwright's claims for age discrimination, violation of
6 California Labor Code section 1102.5, violation of Article I, section 8 of the California
7 Constitution, and defamation with leave to amend.  The City did not move to dismiss
8 Conwright's sexual harassment, hostile work environment, or retaliation claims.

9    Conwright filed a timely second amended complaint on October 7, 2010.  The parties
10 subsequently stipulated, and the Court ordered, that Conwright could file a third amended
11 complaint, which Conwright filed on November 12, 2010.  The now-operative TAC asserts
12 six causes of action: (1) sexual harassment and harassment against the City and Defendant
13 Jeffrey Robinson; (2) hostile work environment against the City; (3) retaliation against the
14 individual defendants; (4) retaliation against the City; (5) age discrimination against the City;
15 and (6) harassment in violation of the California Fair Employment and Housing Act
16 ("FEHA") against the individual defendants.

17    The City now moves to strike from the TAC all references to 42 U.S.C. §§ 1981 and
18 1983; the Americans with Disabilities Act ("ADA"); and California Labor Code sections
19 1101, 1102, and 1102.1.  The City also moves to strike the phrase "disability discrimination"
20 from paragraph 15 of the TAC.

**LEGAL STANDARD**

23    Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an
24 insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A
25 matter is "immaterial" if it "has no essential or important relationship to the claim for relief
26 or the defenses being pleaded," and "impertinent" if it "consists of statements that do not
27 pertain, and are not necessary, to the issues in question."  *Fantasy, Inc. v. Fogerty*, 984 F.2d
28 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (internal quotation

2

marks omitted).  Motions to strike are regarded with disfavor, as they are often used as delaying tactics, and should not be granted "unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).  "However, where the motion may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken." *California ex rel. State Lands Comm'n v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981).  When considering a motion to strike, a court must view the pleadings in a light most favorable to the non-moving party. *Id.* at 39.

**DISCUSSION**

**I.     42 U.S.C. §§ 1981 and 1983**

The City first moves to strike all references to 42 U.S.C. §§ 1981 and 1983. Conwright admits in her opposition that references to 42 U.S.C. § 1981 were in error. Accordingly, the City's motion to strike references to this statute is GRANTED.

Conwright explains that, instead of 42 U.S.C. § 1981, she intended to refer to 42 U.S.C. § 1988, which provides for attorneys' fees in:

> any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. § 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or section 13981 of this title.

42 U.S.C. § 1988.  Conwright asserts that her complaint includes claims under 42 U.S.C. § 1983, and that references to that section, as well as § 1988, are therefore appropriate.

However, in the joint case management conference statement filed on March 7, 2011, the parties included the following joint description of Conwright's claims:

> The Third Amended Complaint alleges that plaintiff was subject to sexual harassment and harassment until [sic] Title VII, California's Fair Employment and Housing Act ("FEHA") and California Civil Code section 52.1; Hostile Work Environment under Title VII and FEHA; Retaliation under Title VII, FEHA

3

1                 and the California Labor Code and the Americans with
2                 Disabilities Act ("ADA"); and Age Discrimination under the Age Discrimination in Employment Act ("ADEA").

3 Mar. 7, 2011 Joint CMC Statement at 2. Notably absent from this description is any

4 reference to § 1983 or any of the other statutes mentioned in § 1988. Accordingly, the City's

5 motion to strike references to 42 U.S.C. § 1983 is GRANTED, and Conwright may not

6 amend the complaint to replace references to 42 U.S.C. § 1981 with 42 U.S.C. § 1988.

7

8 **II.   Americans with Disabilities Act**

9       The City also moves to strike all references to the Americans with Disabilities Act,

10 which can be found only in paragraphs 23 and 27 of the TAC. These paragraphs concern

11 Conwright's retaliation claims. As noted above, the parties' joint description of the claims in

12 the TAC includes "Retaliation under . . . the Americans with Disabilities Act ("ADA")."

13 Mar. 7, 2011 Joint CMC Statement at 2. Consequently, the City's motion to strike references

14 to the ADA is DENIED.

15

16 **III.   California Labor Code sections 1101, 1102, and 1102.1**

17       Next, the City moves to strike all references to California Labor Code sections 1101,

18 1102, and 1102.1. Sections 1101 and 1102 concern political activities of employees. Section

19 1102.1 concerned discrimination based on sexual orientation and has been repealed.

20 Conwright has failed to explain how any of these statutes are material or pertinent to her

21 complaint. Her opposition argues only that this Court allowed leave to amend a claim under

22 section 1102.5, and that the second amended complaint alleged such a claim. However,

23 Conwright has not demonstrated why sections 1101, 1102, and 1102.1 would be relevant to a

24 claim under section 1102.5, and, in any case, the TAC does not include a claim under section

25 1102.5. The City's motion to strike references to these three sections of the California Labor

26 Code is therefore GRANTED.

27

28

4

### IV.     "Disability discrimination"

Finally, the City moves to strike reference to "disability discrimination" from paragraph 15 of the TAC, which discusses Conwright's exhaustion of administrative remedies. In her opposition, Conwright admits that this reference was "a mistake" and "is immaterial." Opp'n at 3. Moreover, this Court has already ruled that Conwright's administrative complaints did not include a claim based on disability discrimination. Sept. 8, 2010 Order at 5-7. Accordingly, the City's motion to strike the reference to "disability discrimination" in paragraph 15 of the TAC is GRANTED.

### CONCLUSION

As discussed above, the City's motion to strike portions of Conwright's third amended complaint is GRANTED IN PART and DENIED IN PART. The motion is GRANTED as to all references to 42 U.S.C. §§ 1981 and 1983; all references to California Labor Code sections 1101, 1102, and 1102.1; and the reference to "disability discrimination" in paragraph 15. The motion is DENIED as to references to the Americans with Disabilities Act in Conwright's retaliation claims.

**IT IS SO ORDERED.**

Dated: 03/09/11

_____
THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

5