United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOANNE CONWRIGHT,

                Plaintiff,

v.

CITY OF OAKLAND, et al.,

                Defendants.

NO. C09-2572 TEH

ORDER GRANTING DEFENDANT TONGUE'S MOTION TO DISMISS

       This matter comes before the Court on Defendant Cheryl Hall Tongue's motion to dismiss. After reviewing the parties' written arguments, the Court finds oral argument to be unnecessary and now VACATES the June 6, 2011 hearing. The motion is GRANTED for the reasons set forth below.

       Plaintiff Joanne Conwright's third amended complaint ("TAC") asserts two causes of action against Tongue: the third cause of action for retaliation under Title VII and California's Fair Employment and Housing Act ("FEHA"), and the sixth cause of action for harassment under FEHA. Conwright now concedes that she cannot bring a Title VII or FEHA retaliation claim against Tongue, Opp'n at 1-2, but asserts that she can sue Tongue for unlawful retaliation under 42 U.S.C. § 1983. However, as this Court has previously explained, Conwright has not asserted any claim under § 1983. *See* Mar. 9, 2011 Order at 3-4 (granting Defendant City of Oakland's motion to strike all references to § 1983 from the complaint). Nor has Conwright shown good cause to allow her to amend her complaint a fourth time to assert such a claim, nearly two years after the original complaint was filed, seven months after the now-operative TAC was filed, and two months after Conwright failed to include § 1983 in her own description of her claims. *Id.* (quoting the parties' March 7, 2011 joint case management conference statement and explaining that "[n]otably absent" from the parties' joint description of Conwright's claims was any reference to § 1983).

1  Accordingly, Tongue's motion to dismiss the retaliation claim against her is GRANTED with
2  prejudice.
3        The parties agree that FEHA allows individual liability for harassment but disagree
4  over whether the TAC adequately states such a claim against Tongue.  In opposition to
5  Tongue's motion, Conwright cites to four paragraphs of the TAC – paragraphs 7, 13, 17, and
6  47 – as "supporting Causes of action against Ms. Tongue for Retaliation and Harassment."
7  Opp'n at 2.  However, none of these paragraphs includes any non-conclusory references to
8  allegedly harassing behavior by Tongue.  Paragraph 7 alleges that Tongue was "human
9  resource manager" and that Conwright was "subjected to adverse employment action
10 including intolerable working conditions," after Conwright complained of sexual harassment
11 by Defendant Jeffery Robinson to Tongue, but it fails to allege that Tongue caused any of the
12 alleged "intolerable working conditions" or describe what those conditions might be.  TAC
13 ¶ 7.  Paragraph 13 does not reference Tongue at all, and instead includes allegations against
14 Defendants Ray Derania and Antoinette Renwick.  *Id.* ¶ 13.  Paragraph 17 is under
15 Conwright's first cause of action against Defendants City of Oakland and Robinson and fails
16 to reference Tongue by name.  The closest this paragraph comes to referencing any conduct
17 by Tongue is the allegation that the City "followed a practice and policy of ignoring
18 complaints of sexual harassment, harassment, discrimination and retaliation," and that "[t]his
19 policy was followed by the . . . Human Resource Department."  *Id.* ¶ 17.  Finally, paragraph
20 47 alleges that Tongue was in a "supervisory position[]" and, in the most conclusory fashion,
21 that "Defendants demoted, ostracized, and constructively discharged Plaintiff," and "created
22 a hostile work environment that a reasonable person in Ms. Conwright's position would
23 consider a hostile work environment."  *Id.* ¶ 47.  These allegations are insufficient to state a
24 claim.  To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to
25 relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570
26 (2007).  This "requires more than labels and conclusions, and a formulaic recitation of the
27 elements of a cause of action will not do."  *Id.* at 550.  The TAC fails to meet this standard,
28 and Tongue's motion to dismiss the harassment claim against her is therefore GRANTED.

2

Because it is not clear that the deficiencies in Conwright's harassment claim cannot be cured by amendment, leave to amend is granted. Any amended complaint must be filed on or before **June 21, 2011.** When Conwright considers whether to amend her complaint, she must keep in mind that:

> commonly necessary personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or non-assignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like, do not come within the meaning of harassment. These are actions of a type necessary to carry out the duties of business and personnel management. These actions may retrospectively be found discriminatory if based on improper motives, but in that event the remedies provided by the FEHA are those for discrimination, not harassment. Harassment, by contrast, consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management.

*Janken v. GM Hughes Elec.*, 46 Cal. App. 4th 55, 64-65 (1996). To maximize the chances of avoiding another round of motions to dismiss, Conwright's counsel shall meet and confer with Defendants' counsel in good faith prior to filing any amended complaint.

**IT IS SO ORDERED.**

Dated: 05/31/11

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT