IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOANNE CONWRIGHT,

    Plaintiff,

v.

CITY OF OAKLAND, et al.,

    Defendants.

NO. C09-2572 TEH

ORDER GRANTING MOTION TO DISMISS BY DEFENDANTS DERANIA AND RENWICK

This matter comes before the Court on a motion to dismiss brought by Defendants Ray Derania and Antoinette Renwick. After reviewing the parties' written arguments, the Court finds oral argument to be unnecessary and now VACATES the June 6, 2011 hearing. The motion is GRANTED for the reasons set forth below.

**BACKGROUND**

Representing herself, Plaintiff Joanne Conwright filed the initial complaint in this case on June 10, 2009. Counsel subsequently appeared and filed the First Amended Complaint ("FAC") on January 25, 2010. The parties agree that Defendant City of Oakland was served with the FAC "on or around April 13, 2010." Mar. 7, 2011 Joint Case Mgmt. Conf. Statement at 2. After this Court granted the City's motion to dismiss the FAC with leave to amend, Conwright filed a Second Amended Complaint ("SAC") on October 8, 2010. The City and Conwright subsequently stipulated to allow filing of the now-operative Third Amended Complaint ("TAC"), which Conwright filed on November 12, 2010. As of March 7, 2011, the individual defendants had not been served with any version of the

complaint. At the March 14, 2011 case management conference, the Court ordered Conwright to serve all remaining defendants on or before March 28, 2011.

On March 28, 2011, Conwright filed a "proof of service of summons and complaint and other documents on Ray Derania." Karimah Boyd states that he left the TAC, summons, and other documents with "Cherry Tongue, a person over the age of 18 years in charge of [Derania's] office or usual place of business," and that he subsequently sent them to Derania's business address at 4:38 PM on March 28, 2011. Conwright contends that these actions constitute valid substitute service.

Also on March 28, 2011, Conwright filed a "notice of lawsuit and request to waive service of a summons and waiver of summons [to] Antoinette Renwick." Karimah Boyd states that he sent the TAC, summons, and other documents to Renwick at an address in Pittsburg, California, on March 28, 2011. Marylon Boyd, Conwright's counsel, filed a declaration stating that the process server attempted to serve Renwick at her place of business but "was informed that she had retired. He then obtained a last known home address and mailed the documents to the address with a Notice of Acknowledgment after attempting to personally serve at the home address."[1] Marylon Boyd Decl. ¶ 8. Conwright's counsel further states that she "intend[s] to serve interrogatories asking for [Renwick's] current home address so that service may be effected upon her." *Id.*

**DISCUSSION**

Federal Rule of Civil Procedure 4(m) provides that:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The plaintiff bears the burden of demonstrating valid service. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

---

[1] The Court does not rule on Defendants' evidentiary objections to these statements because the statements do not alter the result of this motion.

2

1  Conwright does not dispute that she did not serve Derania or Renwick within the 120-
2 day period. Her only argument is that Defendants' motion "should be denied as frivolous
3 and unnecessary. [Defendants] admit service and attempted service was made [by the court-
4 ordered deadline]. The Court did not order that Service by Substitute Service, which is
5 permitted under California Law could not be made in order to comply with the Court's
6 order." Opp'n at 8.
7  As to Renwick, however, even Conwright admits that service was not properly made:
8 "Defendant Renwick's [sic] Could Not Be Served by Substitute Because She Is No Longer
9 Employed With Defendant City And She Has To Be Located." *Id.* Conwright requested a
10 waiver of service from Renwick, which is permissible under Federal Rule of Civil Procedure
11 4(d), but service is not completed through this method until the plaintiff files a waiver
12 executed by the defendant. Fed. R. Civ. P. 4(d)(4). No such waiver has been filed to date,
13 let alone by the March 28 deadline set by this Court.
14  As to Derania, Defendants acknowledge that Federal Rule of Civil Procedure 4(e)(1)
15 allows for service under state law, and that California law provides for substitute service
16 under California Code of Civil Procedure section 415.20(b). However, substitute service is
17 only permissible "[i]f a copy of the summons and complaint cannot with reasonable diligence
18 be personally delivered to the person to be served." Cal. Civ. Proc. Code § 415.20(b). In
19 this case, nearly two years after the initial complaint was filed and over seven months after
20 the TAC was filed, Conwright asserts that she attempted to serve Derania in person one time,
21 on the last permissible date set by the Court. A single, last-minute attempt cannot be
22 characterized as "reasonable diligence," and Conwright fails even to make an effort to do so.
23 Thus, although Conwright correctly observes that this Court did not forbid substitute service,
24 Conwright's attempted service on Derania failed to comply with California law governing
25 such service.
26  In light of all of the above, Conwright has failed to effect service on either Derania or
27 Renwick. She has also failed to demonstrate any reasonable diligence or other good cause
28 for her failure to serve these Defendants by the court-ordered deadline, which was already an

3

extension of the 120-day period provided by Federal Rule of Civil Procedure 4(m). Accordingly, Defendants' motion is GRANTED, and this action is dismissed without prejudice as to Defendants Derania and Renwick.

**IT IS SO ORDERED.**

Dated: 06/02/11

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT