IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOANNE CONWRIGHT,

            Plaintiff,

v.

CITY OF OAKLAND, et al.,

            Defendants.

NO. C09-2572 TEH

ORDER TO SHOW CAUSE

On February 21, 2012, Defendant filed timely oppositions to three of Plaintiff's four motions in limine. On February 22, Defendant filed a late opposition to the fourth along with declarations explaining the late filing. Plaintiff filed late oppositions to all eight of Defendant's motions in limine on February 22, and a declaration explaining the late filings on February 23, 2012. Plaintiff also submitted a docket entry purporting to "correct" the response deadline to February 22, 2012. This is incorrect, as the Court's March 14, 2011 Order for Pretrial Preparation establishes the deadline as February 21, 2012, and counsel cannot modify deadlines set by Court order or rules without an order from this Court. The Court has yet to determine whether it will accept the late-filed oppositions.

This is not the first deadline that Plaintiff has missed. As the Court explained in its most recent of three orders to show cause against Plaintiff's counsel, Marylon Boyd:

> First, counsel failed to file a case management statement for the initial case management conference on December 7, 2009. At that conference, the Court granted Conwright's oral motion for leave to file an amended complaint and granted counsel until January 15, 2010, to file Conwright's amended complaint. Counsel did not file the amended complaint until January 25, 2010. More recently, counsel missed not one, but two sets of deadlines relating to the opposition to the City's motion to dismiss the first amended complaint, and this Court issued orders to show cause on June 30, 2010, and July 27, 2010. Counsel paid a $50.00 sanction discussed in the Court's June 30 Order to Show Cause, and the Court did not impose any additional sanctions.

> However, the Court advised counsel "that failure to comply with the Court's rules and deadlines in the future will be subject to additional sanctions." Aug. 8, 2010 Scheduling Order & Order Vacating Orders to Show Cause at 1. Despite this warning, Conwright's counsel has missed yet another deadline.

Jan. 7, 2011 Scheduling Order & Order to Show Cause at 1-2. The Court did not sanction Ms. Boyd at the March 14, 2011 show cause hearing but explained that she was on "the shakiest of grounds," that her conduct was unacceptable, and that the Court did not want it to happen again. Ms. Boyd indicated that she understood, although it is apparent now that she did not.

With good cause appearing, counsel for both parties shall show cause on **February 27, 2012, at 10:00 AM,** as to why sanctions should not be imposed for their failure to file timely oppositions to the motions in limine. Such sanctions may include monetary sanctions as well as leaving in place the Court's order granting all motions for which no timely oppositions were filed. If any monetary sanctions are imposed, counsel can expect such sanctions to double for each subsequent violation of this Court's rules.

The Court will consider the declarations already filed by counsel when it determines whether to issue sanctions. Counsel may, at their option, file additional declarations in response to this order, but any such declarations must be filed on or before **February 24, 2012, at 3:00 PM.**

**IT IS SO ORDERED.**

Dated: 02/23/12

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT