IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOANNE CONWRIGHT,

          Plaintiff,

v.

CITY OF OAKLAND, et al.,

          Defendants.

NO. C09-2572 TEH

ORDER ON MOTIONS IN LIMINE

On February 22, 2012, the Court granted nine motions in limine as unopposed. The parties subsequently submitted late oppositions to those nine motions, which the Court has considered so as not to unfairly punish the parties for counsel's mistakes. The Court now VACATES its February 22, 2012 Order Granting Unopposed Motions in Limine and rules on all twelve motions in limine as follows:

<u>Plaintiff's Motion in Limine No. 1</u> seeks to allow the December 14, 2011 declaration of Robynn Hughes Parker, who is now deceased, to be admitted at trial under Federal Rule of Evidence 804(b)(1) or (b)(3). The motion is DENIED. The declaration does not meet the standard for admission as former testimony under Rule 804(b)(1) because the City had the opportunity but no "similar motive" to develop the testimony of a witness whom the City expected to be available at trial.[1] It is also not a statement against interest under Rule 804(b)(3) because any purported fear of retaliation is speculative, and the statements were not "so contrary" to Parker's interests that she would not have made them unless true.

---

[1] In addition, the Court finds that the City's counsel is not at fault for the failure to complete Parker's deposition.

Plaintiff's Motion in Limine No. 2 seeks to bar testimony by Defendant's expert, Dr. Renee Binder. The motion is GRANTED IN PART and DENIED IN PART. Experts may rely on hearsay to form their opinions, Fed. R. Evid. 703, and many of Conwright's objections go to the weight rather than the admissibility of Dr. Binder's opinions. However, counsel must be careful to introduce only evidence that is admissible, as some of the underlying evidence relied on by Dr. Binder may be barred by hearsay rules. In addition, Dr. Binder may not testify as to her opinion on whether Conwright was, in fact, sexually harassed or whether the City's responses resolved Conwright's concerns. She may testify as to her opinion on Conwright's claimed emotional distress, including whether it was caused by her interactions with Robinson.

Plaintiff's Motion in Limine No. 3 seeks to allow unspecified testimony by lay witnesses about their observations of Jeffrey Robinson's behavior and the City's response thereto. The Court cannot rule on the admissibility of evidence in a vacuum and the motion is therefore DENIED without prejudice. The parties shall meet and confer regarding any evidentiary disputes after Conwright has identified the anticipated evidence with specificity. If they cannot reach agreement, and Conwright seeks to introduce any of the challenged evidence at trial, then counsel shall notify the Court at the end of each trial day if anticipated issues will arise the following day. Any supplemental briefs on the disputed issues must be electronically filed no later than 3:00 PM the day before the issues are anticipated to arise. If necessary, oral argument will occur before the jury is brought in the following morning. During the meet-and-confer process, counsel shall consider the Court's ruling below on Defendant's Motion in Limine No. 3. Counsel shall also keep in mind that cumulative evidence may be excluded even if relevant under Federal Rule of Evidence 403.

Plaintiff's Motion in Limine No. 4 seeks to exclude evidence of Conwright's past relationships. In opposition, the City states that it seeks only to introduce evidence of Conwright's prior abusive relationship with a former husband, which Dr. Binder relies on to

2

assess Conwright's claim for emotional distress damages. The evidence is relevant and not barred by Federal Rule of Evidence 403. Rule 412 does not apply because the evidence is not being "offered to prove that a victim engaged in other sexual behavior" or "to prove a victim's sexual disposition." Fed. R. Evid. 412(a). However, the City has not established that such evidence can be introduced through Dr. Binder, who relied on a statement in the notes of one of Conwright's treating physicians allegedly reflecting a statement made by Conwright. Accordingly, the motion is GRANTED without prejudice. The subject matter is admissible provided that the City can present the evidence in an admissible form.

Defendant's Motion in Limine No. 1 seeks to exclude evidence that Conwright was forced to resign or was constructively terminated. The motion is DENIED. While there is no constructive termination claim in this case, Conwright is entitled to present evidence on changed working conditions as part of her retaliation claim, including those conditions that Conwright alleges caused her to resign. Any damages shall be limited to those available under a retaliation cause of action.

Defendant's Motion in Limine No. 2 seeks to exclude evidence of the adequacy of the City's actions in response to Conwright's complaint after March 26, 2008. The motion is GRANTED IN PART and DENIED IN PART. Conwright's opposition indicates that her primary contention is that the City took no action, despite Conwright having complained about Robinson as early as March 10, 2008, until after she filed a formal complaint on March 25, 2008. The only post-March 26, 2008 action that Conwright discusses in her opposition is whether moving Robinson to the fifth floor was an adequate response to Conwright's complaints.[2] Evidence on this limited issue is permitted.

---

[2] Conwright also argues that Robinson should have been terminated immediately. She is reminded, however, that "[w]hen an employee accuses a fellow employee of sexual harassment, the employer must reconcile competing rights: the accuser's right to a harassment-free workplace and the accused's right not to be disciplined without fair procedures and sufficient proof of wrongdoing." *Swenson v. Potter*, 271 F.3d 1184, 1188-89 (9th Cir. 2001).

3

Defendant's Motion in Limine No. 3 seeks to exclude evidence that other employees thought Robinson was "creepy" and "strange," as well as any evidence of alleged harassment by Robinson prior to January 8, 2008, including an allegation that Janet Sapenter had to tell Robinson to stop looking down another female employee's blouse in the 1980s. The motion is GRANTED IN PART and DENIED IN PART. Evidence that people found Robinson "creepy" or "strange" is excluded as irrelevant; the issue is whether Robinson sexually harassed Conwright, not whether people found him "creepy" or "strange." Evidence of prior bad acts is also inadmissible under Federal Rule of Evidence 404(b) if introduced for the purpose of showing that Robinson was the type of person who committed sexual harassment in the past and acted in accordance with that character in this instance. However, the alleged victim in the Sapenter incident was Sandra Smith, who was Robinson's supervisor at the time of the events at issue in this case and to whom Conwright allegedly initially complained to about Robinson. Evidence of this incident is admissible to show a possible motive by Smith as to the way she responded to Conwright's complaint. The Court may limit the amount of testimony on this issue under Federal Rule of Evidence 403 if it becomes cumulative or appears to focus the jury on a mini-trial of a separate incident of sexual harassment.

Defendant's Motion in Limine No. 4 seeks to exclude evidence or reference to circumstances surrounding Antoinette Renwick's resignation, including a 2010-11 Alameda County civil grand jury investigation and report on whether Renwick improperly awarded contracts to her brother-in-law. The motion is GRANTED IN PART and DENIED IN PART. Conwright contends that one of the adverse actions to which she was subjected in retaliation is that she was falsely accused of improper contracting. She may introduce such evidence. However, evidence on whether Renwick engaged in improper contracting or why she resigned is excluded under Federal Rule of Evidence 403; any relevance this might have is substantially outweighed by the risk of confusing the issues or misleading the jury.

1    <u>Defendant's Motion in Limine No. 5</u> seeks to exclude opinions by Conwright
2 regarding the appropriateness of the City's response to her complaints of sexual harassment.
3 The motion is DENIED.  Conwright may testify on this topic provided that she lays a
4 foundation for her personal knowledge.  The City's objections go to the weight of the
5 testimony and not its admissibility.

7    <u>Defendant's Motion in Limine No. 6</u> seeks to exclude evidence regarding the
8 impropriety of discipline and suspension of Conwright based on her letter to Act One.  The
9 motion is GRANTED.  The Court has already granted summary judgment on Conwright's
10 retaliation claim based on the investigation of her Act One letter.

12   <u>Defendant's Motion in Limine No. 7</u> seeks to exclude evidence of Ray Derania's 2004
13 complaint of age discrimination against the City.  The motion is GRANTED as unopposed.

15   <u>Defendant's Motion in Limine No. 8</u> seeks to exclude eleven of Ray Derania's emails
16 from 2004, 2005, and 2006.  The motion is GRANTED.  The emails do not concern
17 Conwright's working environment or her complaints of sexual harassment in 2008.  The
18 emails appear to be relevant only as improper character evidence precluded by Federal Rule
19 of Evidence 404.  To the extent the emails are relevant for any other purpose, the Court
20 would exclude the evidence under Federal Rule of Evidence 403.

22 **IT IS SO ORDERED.**

24 Dated:   02/27/12

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

5