IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOANNE CONWRIGHT,

          Plaintiff,

v.

CITY OF OAKLAND, et al.,

          Defendants.

NO. C09-2572 TEH

ORDER DENYING
PLAINTIFF'S MOTION FOR
LEAVE TO FILE MOTION
FOR RECONSIDERATION

      This matter comes before the Court on Plaintiff Joanne Conwright's motion for leave to file a motion for reconsideration of this Court's January 20, 2012 order granting in part and denying in part Defendant City of Oakland's motion for summary judgment. To be granted leave to file a motion for reconsideration, a party must show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). Conwright argues only that subsection (1) applies. She does not contend that the Court failed to consider material facts or dispositive legal arguments presented to the Court before it issued its summary judgment order, nor does she argue that new material facts have emerged or that a change in law has occurred.

      Conwright seeks to present evidence based on the depositions of Deborah Grant and Cherry Hall, both of which were completed on December 1, 2012. The transcripts of these

1  depositions were certified on December 12, 2012, but Conwright's counsel contends that she
2  did not receive copies of the deposition transcripts until December 20, 2012 – one day after
3  her opposition to Defendant's summary judgment motion was due.  She also asserts that she
4  did not present more legal argument concerning proximity and causation because she "did
5  not see any need for it until after she read the MSJ ORDER."  Mot. at 4.

6       Neither of these reasons presents good cause to grant leave to file a motion for
7  reconsideration since counsel should have known about both if she were exercising
8  "reasonable diligence."  Civ. L.R. 7-9(b)(1).  First, counsel should have completed the
9  depositions at least ten days earlier, as the discovery cut-off was November 21, 2011.  *See*
10 Mar. 14, 2011 Order for Pretrial Prep. at 1 ("All discovery, except for depositions of expert
11 witnesses, shall be **completed** on or before Nov. 21, 2011.").  Had she done so, she would
12 have had the transcripts prior to the summary judgment opposition deadline.  Counsel might
13 also have requested expedited transcripts.  In addition, this is not a case where counsel had to
14 await deposition transcripts to know what was discussed; Conwright is represented by one
15 attorney who took both depositions and prepared the opposition to Defendant's motion for
16 summary judgment.  Thus, at minimum, counsel could have referenced testimony from the
17 depositions with citations to follow, or she could have immediately filed a request to
18 supplement the opposition as soon as she received the transcripts.  Instead, counsel did not
19 submit any evidence from these depositions until more than two months after receiving the
20 transcripts, over one month after receiving the Court's summary judgment ruling, and just
21 one week before trial is scheduled to begin in this matter.  This is not exercising "reasonable
22 diligence."  Civ. L.R. 7-9(b)(1).  As the Court has repeatedly admonished counsel –
23 including through four orders to show cause that resulted in imposition of two monetary
24 sanctions – Court rules and deadlines must be followed.

25      Similarly, Conwright's opposition papers argued proximity as evidence of a prima
26 facie case of retaliation and then argued that Defendant failed to present any legitimate
27 reason for any of the alleged adverse employment actions, including the investigation into
28 whether Conwright violated the City's anti-discrimination policy when she wrote a letter to

2

Act One. Opp'n to Summ. J. Mot. at 24-25.  Conwright made only the most conclusory statement as to pretext: "The CITY had no legitimate reason for the BACKWARDS DISCIPLINARY ACTION or for the RETIREMENT CONSPIRACY, and its claims that CONWRIGHT 'violated policy' and was 'insubordinate' are *pretextual*." *Id.* at 25. She made no argument to support this bare assertion, and the Court ultimately disagreed, finding that the City had, in fact, offered a legitimate nondiscriminatory reason for the investigation based on Conwright's letter to Act One and that Conwright "failed to present specific and substantial evidence to rebut" that reason as pretextual.  Jan. 20, 2011 Order Granting in Part & Denying in Part Def.'s Mot. for Summ. J. at 12.  Counsel is not entitled to wait and see what the Court decides and then, following an unfavorable outcome, present on a motion for reconsideration what she should have presented in her opposition papers.

With good cause appearing for all of the above reasons, Plaintiff's motion for leave to file a motion for reconsideration is hereby DENIED.  Because the Court finds it proper to deny such leave based on counsel's failure to "exercise reasonable diligence," Civ. L.R. 7-9(b)(1), it does not reach the merits of whether the evidence or legal authority identified in the motion are material enough to have changed the outcome of the Court's ruling on summary judgment.

**IT IS SO ORDERED.**

Dated:  02/29/12

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT